# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY CROSS, | ) |
|       Petitioner, | ) |
| v. | ) No. 4:24-cv-00476-SEP |
| UNITED STATES OF AMERICA, | ) |
|       Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is Petitioner Timothy Cross's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. [6]. Because it appears Petitioner intends to challenge the execution of his sentence, Petitioner shall either file a petition for writ of habeas corpus under 28 U.S.C. § 2241 or a notice of voluntary dismissal.

### BACKGROUND

Petitioner is incarcerated at the United States Penitentiary in Lee, Virginia. On March 31, 2023, pursuant to a written plea agreement, he pled guilty to escaping federal custody in violation of 18 U.S.C. § 751(a). *United States v. Cross*, No. 4:22-cr-00427-SEP-1 (E.D. Mo.). On June 29, 2023, the Court sentenced him to 30 months' imprisonment to be followed by two years of supervised release.

On March 26, 2024, Petitioner filed a pro se motion alleging ineffective assistance of counsel, stating that he asked his counsel to object to the presentence report and that his counsel refused to do so. The Court construed that filing as a motion for relief under 28 U.S.C. § 2255 and directed the Clerk of Court to open the above-captioned matter. On July 24, 2024, the Court ordered Petitioner to file an amended motion on a Court-approved form. Doc. [5]. Petitioner did so on August 16, 2024. Doc. [6].

On May 6, 2024, Petitioner filed a separate petition for writ of habeas corpus under 28 U.S.C. § 2241. *Cross v. United States*, No. 4:24-cv-00638-SEP (E.D. Mo.). The Court transferred that matter to the United States District Court for the Western District of Virginia on October 11, 2024.

**DISCUSSION**

In his amended motion, Petitioner states that his attorney "was ineffective after reviewing [the] docket from the District Court/Presentence Investigation Report and other relevant document[s]." Doc. [6] at 4. He further states: "I fired my paid attorney he promised me if FBOP had my jail credits incorrect he would fix it. My attorney fail[ed] to do so." *Id*. He also asserts that his attorney "waived his pretrial motions" and failed to object to the presentence investigation report. *Id*. Finally, Petitioner contends that the Bureau of Prisons (BOP) miscalculated his sentence, and he asks the Court to reduce the sentence "to what the Judge sentence[d] [him] to[.]" *Id*. at 6.

Despite Petitioner's references to "ineffective assistance of counsel," the crux of the motion is that the BOP miscalculated his jail credit. That is, Petitioner challenges the execution of his sentence, not the validity of his conviction. Such a claim should be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Leath*, 711 F.2d 119, 120 (8th Cir. 1983) (a district court has no jurisdiction to hear a challenge to the execution of a sentence under § 2255). The Court will give Petitioner the opportunity to refile his petition under § 2241, but it notes that Petitioner has already filed a § 2241 petition on the basis that BOP miscalculated his jail credit. *See Cross v. United States*, No. 4:24-cv-00638-SEP (E.D. Mo.). The Court transferred that matter to the United States District Court for the Western District of Virginia on October 11, 2024. *Id.* Accordingly, the Court finds it appropriate to make Petitioner aware of the following:

- If Petitioner elects to pursue relief under § 2241 in this matter, it will be subject to transfer on the same grounds as his other § 2241 petition. *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (a petitioner may file a "28 U.S.C. § 2241 petition in either the district where he is confined, in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office").

- If Petitioner maintains two separate § 2241 petitions, he may be subject to filing fees in both cases. *See* Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("An original and two copies of the petition must be filed with the clerk and must be accompanied by: (1) the applicable filing fee, or (2) motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the

amount of money or securities that the petitioner has in any account in the institution."); Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts (the district court may apply any or all of the Rules Governing Section 2254 Cases to a habeas corpus petition not filed under § 2254).

- If Petitioner chooses to pursue § 2241 relief in only his other action, he may dismiss this action by filing a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See Williams v. Clarke*, 82 F.3d 270, 272-73 (8th Cir. 1996) (Rule 41(a) applies to habeas proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send Petitioner a copy of the Court's "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" form (AO-0242).

**IT IS FURTHER ORDERED** that **within thirty (30) days** of the date of this Order, Petitioner shall file *either* a petition for writ of habeas corpus under 28 U.S.C. § 2241 on the Court-provided form *or* a notice of voluntary dismissal.

Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

Dated this 11th day of October, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE